**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

ANTHONY BROWN,
                          Plaintiff,

      v.                                      No. 06-CV-1497
                                                  (DNH/DRH)
R. K. WOODS, Superintendent, Upstate
Correctional Facility; and IRISH, Correction
Officer, Upstate Correctional Facility,

                        Defendants.

---

**APPEARANCES:**                               **OF COUNSEL:**

ANTHONY BROWN
04-A-6182
Plaintiff Pro Se
Upstate Correctional Facility
Post Office Box 2001
Malone, New York 12953

HON. ANDREW M. CUOMO               JAMES SEAMAN, ESQ.
Attorney General for the                    Assistant Attorney General
   State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER[1]

    Plaintiff pro se Anthony Brown ("Brown"), an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), brings this action pursuant to 42 U.S.C. § 1983 alleging that defendants, two DOCS employees, violated his constitutional

---

      [1]This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

rights under the Eighth and Fourteenth Amendments. Am. Compl. (Docket No. 10). Presently pending is defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Docket No. 18. Brown opposes the motion. Docket No. 20. For the following reasons, it is recommended that defendants' motion be granted.

## I. Background

The facts are related herein in the light most favorable to Brown as the nonmoving party. See subsection II(A) infra.

At all relevant times, Brown was incarcerated at Upstate Correctional Facility. Am. Compl. at ¶¶ 2, 6. On August 24, 2006, defendant Irish, a corrections officer, was escorting a nurse on sick call rounds. Id. at ¶ 6. Irish and the nurse approached Brown's cell and offered him a cup with medication. Id. Brown asserts that he neither was provided with medication nor refused it. Id.; but see Pl. Response (Docket No. 20) at 1. Defendant Irish then instructed the nurse not to provide Brown with further medication or sick call services. Am. Compl. at ¶ 6.

The following day, Brown received a misbehavior report for "making threats and refusing direct orders by staff." Am. Compl. at ¶ 6. A disciplinary hearing was held on September 6, 2006. Id. At the hearing, Brown was found not guilty of all charges because "[Irish] did not give [Brown] enough time to receive his medication." Id. Brown also filed a grievance under the DOCS Inmate Grievance Program ("IGP")[2]. Id. The grievance was denied by the

---

[2] "The IGP is a three-step process that requires an inmate to: (1) file a grievance with the IGRC [Inmate Grievance Resolution Committee]; (2) appeal to the superintendent within four working days of receiving the IGRC's written response, and (3) appeal to the CORC [Central Office Review Committee] . . . within four working days of receipt of the

2

IGRC on or about September 7, 2006. Id. On September 8, 2006, Brown wrote a letter to defendant Woods, the facility Superintendent, seeking a reversal of the IGRC's decision in light of Brown's favorable decision at the disciplinary hearing. Id.; Pl. Response at 2. Woods never responded to the letter. Pl. Response at 2. This action followed.

## II.  Discussion

In his amended complaint, Brown alleges that defendants violated his Eighth Amendment rights when they deliberately interfered with his right to receive his medication and sick calls. Additionally, liberally construing the amended complaint, it appears that Brown has advanced a due process claim for filing a false misbehavior report and for the unfavorable grievance decision. Defendants move to dismiss claiming (1) a lack of personal involvement by Woods, (2) no serious medical need, and (3) qualified immunity.

### A. Legal Standard

Fed. R. Civ. P. 12(b)(6) authorizes dismissal of a complaint that states no actionable claim. When considering a motion to dismiss, "a court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant." Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994). However, "a 'complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)." Gilfus v. Adessa, No. 5:04-CV-1368 (HGM/DEP), 2006 WL 2827132, at *3 (N.D.N.Y. 2006) (citing De Jesus v. Sears, Roebuck & Co. 87 F.3d 65,

---

superintendent's written response." Abney v. McGinnis, 380 F.3d 663, 668 (2d Cir. 2004) (internal citations omitted).

70 (2d Cir. 1996) (internal quotations omitted)).  Thus, dismissal is only warranted if it appears, beyond a reasonable doubt, that the non-moving party cannot prove a set of facts which would support his or her claim or entitle him or her to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Harris v. City of New York, 186 F.3d 243, 247 (2d Cir. 1999).

When, as here, a party seeks dismissal against a pro se litigant, a court must afford the non-movant special solicitude.  See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006).  As the Second Circuit has stated,

> [t]here are many cases in which we have said that a pro se litigant is entitled to "special solicitude," . . . that a pro se litigant's submissions must be construed "liberally,". . . and that such submissions must be read to raise the strongest arguments that they 'suggest. . . . .  At the same time, our cases have also indicated that we cannot read into pro se submissions claims that are not "consistent" with the pro se litigant's allegations, . . or arguments that the submissions themselves do not "suggest, . . ." that we should not "excuse frivolous or vexatious filings by pro se litigants" . . . and that pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law . . . ."

Id. (citations and footnote omitted).

### B.  Personal Involvement

Defendants contend that Brown has failed to allege Woods' personal involvement. "'[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'"  Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (quoting Moffitt v. Town of Brookfield, 950 F.2d 880, 885 (2d Cir. 1991)).  Thus, supervisory officials may not be held liable merely because they held a position of authority.  Id.; Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996).  However, supervisory personnel may

4

be considered "personally involved" if:

> (1) [T]he defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995) (citing Williams v. Smith, 781 F.2d 319, 323-24 (2d Cir. 1986)).

Even in the amended complaint, Brown has failed to allege how Woods was personally involved in the alleged deprivation of his due process rights. Brown uses generalized and conclusory statements referring to Woods' position of authority and his duty to respond to Brown's letter complaining about the IGRC decision. Pl. Response at 2. First, Woods is not liable based solely on his supervisory position absent some showing of involvement, policy, or grossly negligent supervision. The record is devoid of any of these allegations. Second, the receipt of a letter from a disgruntled inmate is insufficient to establish personal involvement. Smith v. Woods, No. 05-CV-1439 (LEK/DEP), 2008 WL 788573, at *5 (N.D.N.Y. Mar. 20, 2008) (citations omitted). Brown's vague generalizations are inadequate to allege Woods' personal involvement.

However, "[w]here a motion to dismiss is made prior to any discovery or the filing of an answer, [a] court is loath to dismiss the complaint . . . ." Lugo v. Senkowski, 114 F. Supp. 2d 111, 113 (N.D.N.Y. 2000) (Kahn, J.) (citing Wade v. Johnson Controls, Inc., 693 F.2d 19, 22 (2d Cir. 1982)). "'This caution against dismissal applies with even greater force where the complaint is pro se, or where the plaintiff complains of a civil rights violation.'" Id.

5

(quoting Easton v. Sundram, 947 F.2d 1011, 1015 (2d Cir. 1991)).  The Second Circuit has urged that "when addressing a pro se complaint, a district 'court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'"  Thompson v. Carter, 284 F.3d 411, 416 (2d Cir. 2002) (quoting Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991)).

In this case, Brown has received an order specifically instructing him to amend his complaint to detail the personal involvement of Woods.  Docket No. 7 at 3-4.  However, the amended complaint remains insufficient to allege Woods' personal involvement.  Accordingly, defendants' motion to dismiss as to Woods on this ground should be granted.

### C. Eighth Amendment

The Eighth Amendment explicitly prohibits the infliction of "cruel and unusual punishment."  U.S. CONST. amend. VIII.  This includes the provision of medical care.  Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994) (citations omitted).  A prisoner advancing an Eighth Amendment claim for denial of medical care must allege and prove deliberate indifference to a serious medical need.  Wilson v. Seiter, 501 U.S. 294, 297 (1991); Hathaway, 37 F.3d at 66.  More than negligence is required "but less than conduct undertaken for the very purpose of causing harm."  Hathaway, 37 F.3d at 66.  The test for a § 1983 claim is twofold.  First, the prisoner must show that there was a sufficiently serious medical need.  Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998).  Second, the prisoner must show that the prison official demonstrated deliberate indifference by having knowledge of the risk and failing to take measures to avoid the harm.  Id.  "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from

6

liability if they responded reasonably to the risk, even if the harm ultimately was not averted." Farmer v. Brennan, 511 U.S. 825, 844 (1994).

"'Because society does not expect that prisoners will have unqualified access to healthcare,' a prisoner must first make [a] threshold showing of serious illness or injury" to state a cognizable claim. Smith v. Carpenter, 316 F.3d 178, 184 (2d Cir. 2003)(quoting Hudson v. McMillian, 503 U.S. 1,9 (1992)). Because there is no distinct litmus test, a serious medical condition is determined by factors such as "(1) whether a reasonable doctor or patient would perceive the medical need in question as 'important and worthy of comment or treatment,' (2) whether the medical condition significantly affects daily activities, and (3) the existence of chronic and substantial pain." Brock v. Wright, 315 F.3d 158, 162-63 (2d Cir. 2003)(citing Chance, 143 F.3d at 702). The severity of the denial of care should also be judged within the context of the surrounding facts and circumstances of the case. Smith, 316 F.3d at 185.

Deliberate indifference requires the prisoner "to prove that the prison official knew of and disregarded the prisoner's serious medical needs." Chance, 143 F.3d at 702. Thus, prison officials must be "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Estelle v. Gamble, 429 U.S. 97, 104, (1976). "Mere disagreement over proper treatment does not create a constitutional claim" as long as the treatment was adequate. Id. at 703. Thus, "disagreements over medications, diagnostic techniques (e.g., the need for X-rays), forms of treatment, or the need for specialists . . . are not adequate grounds for a § 1983 claim." Magee v. Childs, No. 04-CV-1089 (GLS/RFT), 2006 WL 681223, at *4 (N.D.N.Y. Feb. 27, 2006). Furthermore, allegations of negligence or malpractice do not constitute deliberate indifference unless the

malpractice involved culpable recklessness. Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996).

The first prong of the Eighth Amendment analysis requires Brown to establish that he is suffering from a serious medical need. However, both his amended complaint and response to defendants' motion to dismiss fail to indicate from what, if any, physical or mental ailment he suffered. While it is apparent that Brown received medication, it is inappropriate and impossible to speculate what type of medication Brown was receiving or for what ailment the medication was provided. Thus, Brown has not alleged any facts which would entitle him to relief on the claim of deliberate indifference to a serious medical need.

Accordingly, defendants' motion to dismiss on this ground should be granted.

### D. False Misbehavior Report

Liberally construing Brown's amended complaint, he alleges that Irish submitted a false misbehavior report which resulted in an unjustified grievance denial. An inmate asserting a violation of his or her right to due process must establish the existence of a protected interest in life, liberty, or property. See Perry v. McDonald, 280 F.3d 159, 173 (2d Cir. 2001). "Prisoners enjoy the right not to be deprived of life, liberty or property without due process of law, but their rights are to be balanced with, and often tempered by, the needs of their special institutional setting." Malik v. Tanner, 697 F. Supp 1294, 1301 (S.D.N.Y. 1988) (citing Wolff v. McDonnell, 418 U.S. 539, 556 (1974)). "When restrictive confinement within a prison is expressly imposed as a disciplinary sanction . . . , there will ordinarily be no doubt that the confinement impaired a liberty interest . . . and that [] due process

8

procedures . . . are required." Sher v. Coughlin, 739 F.2d 77, 81 (2d Cir. 1984); see also McCann v. Coughlin, 698 F.2d 112, 121 (2d Cir. 1983) (holding "That an inmate who is or may be sentenced to a term of confinement in a Special Housing Unit has a right to the procedural protections of the Due Process Clause.").

A "prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest." Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986)). "There must be more, such as retaliation against the prisoner for exercising a constitutional right." Boddie v. Schnieder, 105 F.3d 857, 862 (2d Cir. 1997) (citing Franco v. Kelly, 854 F.2d 584, 588-90 (2d Cir. 1988)).

In this case, Brown has not suffered any deprivation as he was found not guilty of the allegations in the misbehavior report. Am. Compl. at ¶ 6. Brown has also only asserted conclusory allegations that he has been denied due process. This is insufficient. Additionally, even assuming Brown adequately asserted a claim, he must still prove an additional element. However, Brown can neither allege nor establish a retaliation claim. Moreover, Brown's Eighth Amendment claim is insufficient for the reasons discussed above. Since Brown can not prevail in proving any other constitutional deprivation, his due process claim must also fail.

Therefore, assuming a due process claim has been alleged here, that claim should be dismissed.

### E. Qualified Immunity

Defendants also contend that they are entitled to qualified immunity. Qualified immunity

9

generally protects governmental officials from civil liability "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Aiken v. Nixon, 236 F. Supp. 2d 211, 229-30 (N.D.N.Y. 2002) (McAvoy, J.), aff'd, 80 Fed.Appx. 146 (2d Cir. Nov. 10, 2003).  However, even if the constitutional privileges "are clearly established, a government actor may still be shielded by qualified immunity if it was objectively reasonable for the . . . official to believe that his [or her] acts did not violate those rights." Smith v. City of Albany, No. 03-CV-1157, 2006 WL 839525 *16 (N.D.N.Y. Mar. 27, 2006) (quoting Kaminsky v. Rosenblum, 929 F.2d 922, 925 (2d Cir. 1991); Magnotti v. Kuntz, 918 F.2d 364, 367 (2d Cir. 1990) (internal citations omitted)).  A court must first determine whether, if plaintiff's allegations are accepted as true, there would be a constitutional violation.  Saucier v. Katz, 533 U.S. 194, 201 (2001).  Only if there is a constitutional violation does a court proceed to determine whether the constitutional rights were clearly established at the time of the alleged violation.  Aiken, 236 F. Supp. 2d at 230.

In this case, the second prong of the inquiry need not be reached because, as discussed supra, accepting all of Brown's allegations as true, he has not alleged that defendants violated his constitutional rights.

## II. Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that defendants' motion to dismiss (Docket No. 18) be **GRANTED** in all respects and that the amended complaint be **DISMISSED** as to all claims and all defenses.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: May 7, 2008
       Albany, New York

*David R. Homer*
United States Magistrate Judge